UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————— x
                                              :
ANNE BRYANT,
                                              :
            Plaintiff,                            07-CV-6395 (PAC) (HBP)
                                              :
    v.
                                              :
AB DROITS AUDIOVISUELS, et. al.,
                                              :
            Defendants.
                                              :
———————————————————— x

# MEMORANDUM OF LAW OF DEFENDANT SUNBOW PRODUCTIONS INC. AND GLORIA C. PHARES OPPOSING ANNE BRYANT'S MOTION FOR SANCTIONS

## TABLE OF CONTENTS

**PAGE**

SUMMARY OF ARGUMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

    I.   THE PARTIES, THE STATE ACTION AND THE STAYED FEDERAL ACTION ....... 2

        a.   The Relevant Players ................................................................................................... 2

        b.   The State Action .......................................................................................................... 3

        c.   Proceedings in This Court ........................................................................................... 4

    II.   RELEVANT LANGUAGE IN THE JEM AGREEMENT ................................................. 5

ARGUMENT ............................................................................................................................... 6

    I.   MS. BRYANT'S ALLEGATIONS ARE NOT PROPERLY BEFORE THIS COURT ..... 6

    II.   MS. BRYANT IS BOUND BY THE JEM AGREEMENT ................................................ 8

    III.   SUNBOW'S COUNSEL HAS ACTED PROPERLY ......................................................... 9

CONCLUSION ........................................................................................................................... 10

Sunbow Productions, Inc. ("Sunbow") and Gloria C. Phares submit this brief in opposition to Ms. Bryant's motion for sanctions and other relief.

## SUMMARY OF ARGUMENT

The short answer to Ms. Bryant's motion is that, by her own admission, the facts she now brings to this Court have no bearing on this Court's proceedings. In a 2012 letter to the State Court judge who presided over Ms. Bryant's 2013 trial (Exh. A.[1]), Ms. Bryant disclosed that she knew the facts underlying her current motion regarding Kinder & Bryant Ltd's registration with the IRS. In that letter, she conceded that Kinder & Bryant's tax status had no bearing on her and her partner Ford Kinder's performance of the *Jem* Agreement or the copyright status of the music they composed and delivered to Sunbow, and she urged that her breach of contract case continue. If she was not prejudiced by her discovery of Kinder & Bryant's tax status then, she is not prejudiced in this Court where she is raising the same claims.

More pertinent to the way Ms. Bryant has styled her motion is that, even if her claim was well founded, there is not a shred of evidence that Sunbow's counsel was aware of Kinder & Bryant's registration status with the IRS. That alone dooms any claim for sanctions.

Ms. Bryant may be unhappy that her claim against Sunbow for breach of the *Jem* Agreement was rejected by the state court. But that is no excuse for attacking the reputation of Sunbow's counsel in this Court or for attempting to re-litigate issues that have already been decided in state court.

---

[1]   All exhibits are attached to the January 28, 2016, Declaration of Christopher M. Strong.

## STATEMENT OF FACTS

I. **THE PARTIES, THE STATE ACTION AND THE STAYED FEDERAL ACTION**

In 2002, Ms. Bryant filed a case against Sunbow and other defendants in New York Supreme Court, Rockland County, *Bryant v. Sunbow Productions, Inc.* (the "State Action"). Five years after the State Action was filed, Ms. Bryant filed this action against Sunbow and other defendants, raising essentially the same arguments she raised in the State Action. This case was stayed shortly after it was filed until "the outcome of [the State Case] since that action will determine all or most of the issues in this [Federal Action]." (Dkt. No. 89 at 2.)

a. **The Relevant Players**

Sunbow is a television production company that in the 1980s produced animated children's television programming for Hasbro, Inc. based on Hasbro's toys (e.g., G.I. Joe, Transformers, My Little Pony, et al.).

Ms. Bryant is a composer who has written music for television programs, including music for animated television shows produced by Sunbow. Ms. Bryant worked with her partner, Ford Kinder under the name Kinder & Bryant Ltd. ("Kinder & Bryant"). (Exh. B at 10, n.3.)

Ms. Bryant has sued Mr. Kinder on multiple occasions. As early as 1991, Ms. Bryant pursued claims against Mr. Kinder concerning the dissolution of Kinder & Bryant. *See* facts recited in the Complaint (Dkt. No. 1), at 17-18, in *Bryant v. Silverman et al.*, 15 Civ. 8427 (S.D.N.Y.).

Ms. Bryant's claims in this action all relate to royalties she allegedly is owed for the exploitation of music she composed with Mr. Kinder for the animated television shows Sunbow produced for Hasbro. Sunbow is a wholly-owned subsidiary of TV Loonland A.G.; the remaining defendants in this case consist of current or former parents, subsidiaries and

companies related to Sunbow and TV Loonland, licensees of Sunbow and Hasbro; and Sunbow's indemnitor.

### b. The State Action

The *Jem* Agreement—the focal point of Ms. Bryant's current motion—was the subject of litigation in the State Action for more than a decade. In countless motions and multiple appeals, Ms. Bryant raised a panoply of reasons why the terms of this agreement should not be enforced against her. For example, Ms. Bryant contested the very existence of the *Jem* Agreement; challenged the authenticity of her signature on the *Jem* Agreement; argued that oral agreements supersede the written terms of the *Jem* Agreement; and, once she finally accepted that the *Jem* Agreement governs all of her relations with Sunbow,[2] Ms. Bryant argued that Sunbow breached supposed unwritten obligations to "safeguard" her rights that should be read into the *Jem* Agreement. All of these arguments were raised and rejected in the State Action, where Ms. Bryant's claims against Sunbow and all other defendants have been dismissed in their entirety.[3]

On September 28, 2012, Ms. Bryant wrote directly to the court in the State Action, concerning information she claimed to have received from an IRS agent.[4] (Exh. A) In her letter, Ms. Bryant claimed to have discovered that Kinder & Bryant had used the federal ID number of the company that preceded it, Kinder, Bryant & Aquino, LTD.

---

[2]    Well before the parties went to trial in 2013 on Ms. Bryant's claim that Sunbow had breached the *Jem* Agreement, both Sunbow and Ms. Bryant were in agreement "that the relationship between [them] is/was governed by the Jem Agreement." (Exh. B at 4.)

[3]    Ms. Bryant noticed an appeal to the Second Department on August 13, 2014. Briefing on the appeal was completed on March 31, 2015, and the parties currently are awaiting a date for oral argument. Sunbow will inform the Court as soon as a decision is reached on Ms. Bryant's appeal.

[4]    At the time of Ms. Bryant's letter, trial was scheduled to begin in December 2012, but was delayed for several months when Ms. Bryant's lawyer, Patrick Monaghan, Jr., withdrew from his representation of Ms. Bryant. Ms. Bryant was represented by new counsel at the trial that began in July 2013.

3

In advising the court of this information, Ms. Bryant did not claim that the *Jem* Agreement was somehow "fraudulent" or unenforceable, as she does now. To the contrary, she stated that this information "may not apply" to the terms of the *Jem* Agreement, that the copyrights in the Music written for Sunbow under the *Jem* Agreement did not belong to her (as she had "always acknowledged"), and that this new information would cause "no injury to Sunbow" because Ms. Bryant and Mr. Kinder performed the services called for in the Agreement individually. (*Id.* at 2-3.)

After Ms. Bryant retained new counsel, the bench trial on Ms. Bryant's breach of contract claim finally commenced in July, 2013, roughly one year after Ms. Bryant claimed she had discovered Kinder & Bryant's status with the IRS. After ten days of trial and significant post-trial briefing, Ms. Bryant's one remaining claim for breach of contract was dismissed, and judgment was entered in Sunbow's favor. (*See* Exh. B.)

### c. Proceedings in This Court

This action was filed in July 2007 and addresses the same claims Ms. Bryant alleged in her now-dismissed 2002 State Action. In her complaint, Ms. Bryant made clear that the *Jem* Agreement controls the relationship between Sunbow and Ms. Bryant. (Dkt. No. 1 at 11) Shortly after this case was filed, all defendants filed motions to dismiss based on res judicata and collateral estoppel. (Dkt. No. 33, 37) At that time, the State Action had been dismissed after a 2006 trial, from which Ms. Bryant had taken an appeal. Before Judge Stein ruled on the defendants' motions, the Appellate Division, 2d Dept., remanded a single cause of action, breach of contract, to the state trial court. In light of that development, Judge Stein stayed this action until the trial court had concluded that claim. (Dkt. No. 89) No other substantive activity has occurred in this action since the case was stayed.

4

## II. RELEVANT LANGUAGE IN THE JEM AGREEMENT

The *Jem* Agreement governs the relationship between Ms. Bryant and Sunbow. (Exh. B at 4.)

The preamble to the *Jem* Agreement defines "Company" as Sunbow, "Contractor" as the entity Kinder & Bryant, and "Writer" as the individuals, Bryant and Kinder. (Exh. C at SUN 870.) The Agreement then lays out the terms of the parties' relationship, including that Kinder & Bryant will deliver certain Music for use in TV Shows (*Id.* at ¶ 1); the compensation that Kinder & Bryant will receive (*Id.* at ¶ 2(a); SUN 871 at ¶ 5(c); and SUN 873-75 at ¶ 6 ); and the statement that the Music delivered under the terms of the Agreement would be considered work made for hire under the Copyright Act. (*Id.* SUN 871 at ¶ 5(a).)[5]

In Paragraph 5(a) of the *Jem* Agreement (Exh. C, SUN 871), Kinder & Bryant "warranted, acknowledged, and agreed" that the Music being delivered to Sunbow was written by Kinder and Bryant individually pursuant to an employment agreement between the two of them and their company Kinder & Bryant Ltd.; that the Music was also specially ordered and commissioned by Sunbow as an audiovisual work; and that the Music is a work made for hire within the meaning of both definitions of "work made for hire" in the Copyright Act, 17 U.S.C. §101 ("work made for hire"(1) & (2)). In Paragraph 9 (*Id.* at SUN 877), Kinder & Bryant warranted that it was "free and able to enter into and fully perform this Agreement, to furnish the services of [Kinder and Bryant individually], and to grant all rights herein granted."

In addition to representations and warranties made by the entity Kinder & Bryant, Ms. Bryant and Mr. Kinder assented to the terms of the *Jem* Agreement as individuals. In the

---

[5]   Ms. Bryant has agreed that she is not a copyright owner of any of the Music she delivered to Sunbow. *See, e.g.* Exh. A at 2-3.

Inducement Letter (Exh. C at SUN 881-82, §6), Kinder and Bryant warranted that the representations of Kinder & Bryant in the *Jem* Agreement were true, and that even if Kinder & Bryant Ltd. ceased to exist or perform, Kinder and Bryant individually could be

> deemed substituted as a direct party to the Agreement . . . to the same effect and with the same force and effect as if [Ms. Bryant and Mr. Kinder] were a direct party to the Agreement in the first instance and as if in the Agreement [they] had personally agreed to render the services therein provided to be rendered by [them] and to perform and observe each and all of the terms and conditions of the Agreement requiring performance or compliance on the part of [Kinder & Bryant Ltd] or [Ms. Bryant and Mr. Kinder] or both of us.

In Schedule A to the *Jem* Agreement (Exh. C at SUN 880), Ms. Bryant and Mr. Kinder also personally stated that they were employees of Kinder & Bryant Ltd. when they composed the music they delivered to Sunbow under the *Jem* Agreement. In other words, Ms. Bryant and Mr. Kinder personally agreed in writing in the *Jem* Agreement to terms which define the music they delivered to Sunbow as already being works made for hire. 17 U.S.C. §101 ("work made for hire (1)").

## ARGUMENT

### I. MS. BRYANT'S ALLEGATIONS ARE NOT PROPERLY BEFORE THIS COURT

Ms. Bryant's allegation concerning the alleged improper tax registration of Kinder & Bryant was raised first four years ago in the now-dismissed State Action. At that time, when Ms. Bryant was still pursuing a claim that Sunbow had breached the *Jem* Agreement, Ms. Bryant represented to the state court that the status of Kinder & Bryant's registration with the IRS posed "no injury" to Sunbow and should not prevent the breach-of-contract case from moving forward. (Exh. A at 2.) Now that her breach of contract claim has been rejected, Ms. Bryant cannot, years later and in a different venue, simply reverse course and argue a different conclusion.

6

All of Ms. Bryant's claims concerning the *Jem* Agreement are barred by well-established principles of res judicata and collateral estoppel. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, (1981); *Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.*, 600 F.3d 190, 195-96 (2d Cir. 2010) ("If a valid and final judgment has been entered on the merits of a case, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." (citation omitted)). This issue clearly could have been raised in the now-dismissed State Action, and Ms. Bryant cannot raise it anew here.

Furthermore, Ms. Bryant had more than a full and fair opportunity, over more than a decade of litigation, to contest the legitimacy of the *Jem* Agreement—the central issue in the State Action. Ms. Bryant therefore is collaterally estopped from challenging the enforceability of the *Jem* Agreement in this Court. *See Weiss v. Manfredi*, 83 N.Y.2d 974, 976, (1994) (Collateral estoppel "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination"); *Hasenstab v. City of New York*, 100 F.3d 942 (2d Cir. 1996) (applying collateral estoppel in federal court to a claim that was previously litigated in state court).

This action should remain stayed until the Appellate Division has ruled on the pending appeal of the dismissal of Ms. Bryant's final claim in the State Action. At that time, this Court can address the res judicata and collateral estoppel motions of the defendants.[6] Until then and to

---

[6] Ms. Bryant provides no explanation for her request that these motions be denied with prejudice (Bryant Br. at 10). This request should be denied.

prevent non-germane motion practice while this case is stayed, Sunbow requests that the Court consider directing Ms. Bryant not to file additional motions without leave of Court.

## II.  MS. BRYANT IS BOUND BY THE JEM AGREEMENT

If the Court wishes to address the substance of Ms. Bryant's argument, the evidence supports only one conclusion: she is bound by the terms of the *Jem* Agreement.

Ms. Bryant conceded in the State Action that she always worked for Sunbow pursuant to written agreements and that the *Jem* Agreement governs her relationship with Sunbow. (*See* Exh. A at 2-3; Exh. B at 4, 20.)  This, in and of itself, is enough to resolve the question of whether the *Jem* Agreement is enforceable.

Even if Ms. Bryant could argue in this Court that the *Jem* Agreement is unenforceable, and even if Ms. Bryant could somehow prove that the company, whose existence she warranted in the *Jem* Agreement and testified about at multiple trials, was not properly registered with the IRS, it would still not advance her case.  New York courts routinely impose liability on individuals who operate on behalf of unregistered corporations. *See LaBarbera v. Avaline Trucking Inc.*, No. 07–CV–4698, 2009 WL 3497491 at *4 (Oct. 28, 2009, E.D.N.Y.) ("[I]t would be inequitable to allow individuals who form contracts on behalf of nonexistent corporations to avoid liability because their misrepresentations resulted in a contractual defect.") (citation omitted); *Apparel Corp. (Far East) v. Sheermax LLC*, 126 A.D.3d 413, 414 (1st Dep't 2015) ("Liability was correctly imposed on the individual defendants, who operated through an entity with an unregistered assumed name").  Anything else would lead to the exact type of irrational outcome Ms. Bryant seeks here:  allowing an individual to enjoy all of the benefits of an agreement while avoiding any obligations simply by hiding the irregular formation of the corporate signatory.

Even without looking to these common law principles, Ms. Bryant personally agreed to the terms of the Agreement in the signed Inducement Letter and Schedule A. Ms. Bryant agreed to the terms of the *Jem* Agreement "with the same force and effect as if [she were] a direct party to the Agreement in the first instance and as if in the Agreement [she] had personally agreed to render the services therein provided to be rendered by [Kinder & Bryant]." (Exh. C at SUN 881-82.) The *Jem* Agreement therefore is valid and enforceable against Ms. Bryant regardless of the status of Kinder & Bryant.

The *Jem* Agreement is not a "nullity," a "fraudulent" document or anything of the sort. It is, as Ms. Bryant has conceded and as the New York Supreme Court has held, the agreement that controls Ms. Bryant's relationship with Sunbow.

## III.   SUNBOW'S COUNSEL HAS ACTED PROPERLY

Ms. Bryant clearly is unhappy that her claim for breach of the *Jem* Agreement was rejected in the State Action. Ms. Bryant also clearly has many grievances with her former business partner Mr. Kinder and with her former attorneys in the State Action, whom she has now sued in this Court. *See Bryant v. Silverman et al.*, 15 Civ. 8427 (S.D.N.Y.). But this is no excuse for seeking sanctions against Sunbow's counsel.

Seeking to enforce the terms of a valid contract clearly is not sanctionable conduct. And while Ms. Bryant may believe that Sunbow's counsel "has known . . . all along" that Kinder & Bryant allegedly was "a non-entity," there is not even a scintilla of evidence to support this accusation. Moreover, the registration status of Ms. Bryant's own company is not relevant to this case. It is not a defense to the enforcement of the *Jem* Agreement or to Sunbow's motion to dismiss on the grounds of res judicata and collateral estoppel.

The absurdity of Ms. Bryant's argument—that Sunbow's counsel should have informed Ms. Bryant that the company Ms. Bryant formed with her former business partner was not

9

properly registered by Ms. Bryant with the IRS—could not be clearer. When Ms. Bryant herself became aware of this alleged fact, she did not tell the court in the State Action that the *Jem* Agreement was a "nullity" or "fraudulent." Instead, she assured that court that the defect had no effect on her case, and she continued to pursue her case against Sunbow for breach of the *Jem* Agreement. She is attacking the legitimacy of the *Jem* Agreement and the reputation of Sunbow's counsel only now that the State Action was resolved in Sunbow's favor.

## CONCLUSION

Ms. Bryant's motion for sanctions should be denied, and the Court should consider directing Ms. Bryant not to file any non-germane motions until the stay in this case has been lifted without first obtaining leave of the Court.

Dated: January 29, 2016

/s/ Christopher M. Strong

HOFFMANN MARSHALL STRONG LLP
116 West 23rd Street, Suite 500
New York, NY 10011
646-741-4501
chris@hmscounsel.com
*Counsel for Sunbow Productions, Inc. and Gloria C. Phares*

## Certificate of Service

I hereby certify that a true and accurate copy of the foregoing Memorandum of Law of Defendant Sunbow Productions, Inc. and Gloria C. Phares Opposing Anne Bryant's Motion for Sanctions was served via Federal Express, with exhibits, on January 29, 2016, upon the following parties:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, FL 34239
917.848.5203
*Plaintiff, Pro Se*

Charles Bennett Ortner, Esq.
Sandra Crawshaw-Sparks, Esq.
David Jacobson, Esq.
Proskauer Rose LLP (NY)
11 Times Square
New York, NY 10036
(212) 969-3000
*Attorneys for Hasbro Inc. and other Defendants*

Peter Dana Raymond
Attorneys for
Reed Smith, LLP (PA)
1717 Arch St, Suite 3100
Philadelphia, PA 19103
212-549-0364
*Attorneys for Talent Partners Commercial Services LLC*

                                              */s/ Christopher M. Strong*
                                              Christopher M. Strong
                                              Hoffmann Marshall Strong LLP