

**Hoffmann Marshall Strong** LLP

January 17, 2017

Gloria C. Phares
Of Counsel
Direct Tel. & Fax: (646) 741-4564
gcphares@hmscounsel.com

The Honorable Henry Pitman
U.S. Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: Bryant v. AB Droits Audiovisuels, et al.
       1:07-cv-06395 (PAC)(HBP)

Dear: Judge Pitman:

  This responds to Plaintiff's *Affidavit in Support of Order to Show Cause Motion for a Preliminary Injunction to Defendant Sony/ATV to Remit Past Due Royalty Payments to Plaintiff Anne Bryant* (Dkt. No. 126) on behalf of Sony/ATV Tunes LLC and all other defendants represented by this firm ("Defendants").

  This case was first placed on the Court's suspense calendar in 2010 (Dkt. No. 67) and then restored, but stayed, on September 30, 2011 pending the outcome of proceedings in state court, "since that [state] action will determine all or most of the issues in this action." (Dkt. No. 89.) The short answer to Plaintiff's Affidavit is that there is no reason for this Court to disturb Judge Stein's order staying this case, and certainly no reason to consider the urgent remedy of a preliminary injunction sought by Plaintiff where she has waited seven years to make her motion and is seeking money, not equitable relief relating to the later conduct of the action.

  Shortly after this case was filed, Defendants (and other defendants) moved for dismissal in this Court under the doctrines of res judicata and collateral estoppel, as the issues Plaintiff raises in this case are identical to those raised in the earlier-filed state case. (Dkt. Nos. 31, 36.) Judge Stein's consideration of those motions was interrupted by the remand for trial by the App. Div., 2d Dep't, of a single breach-of-contract claim. What Plaintiff's Affidavit fails to report is that on July 2, 2014, the trial court (Rockland County) dismissed Plaintiff's contract claim, and on October 16, 2016, the App. Div., 2nd Dept., affirmed that dismissal.

In early December, three days before the 2nd Dept.'s decision would have been final, Plaintiff filed separate motions in both the trial court (Rockland County) and the 2d Dep't, seeking to vacate their decisions on the ground that Plaintiff's breach of contract claims, which she has litigated for more than a decade in state court, are preempted under the Copyright Act of 1976, 17 U.S.C. §101 et seq. Sunbow opposed both motions arguing that (a) the App. Div., 2nd Dep't, had rejected that exact argument years earlier in this case and (b) Plaintiff's preemption claim did not meet the controlling preemption standards, because the trial court interpreted only contract terms and was not required to interpret any part of the Copyright Act. Once Plaintiff's motions are resolved, Defendants will return to this Court to resume consideration of the motions to dismiss before this Court.[1] The motions to dismiss will address all remaining issues in this case, and Plaintiff has provided no justification for lifting the stay now

This case has been in suspense or stayed for seven years, and the state proceedings are nearly concluded. Once those decision are final, the motions to dismiss all claims in this case will be ripe for consideration. Having waited this long, Defendants submit that it would be premature to lift the stay now.

Sincerely yours,

Gloria C. Phares<br>
Christopher M. Strong

cc:   Ms. Anne Bryant

---

[1]   In addition to the Order to Show Cause filed by Plaintiff in this case, Plaintiff also simultaneously sought two Orders to Show Cause for Preliminary Injunctions in a separate case pending in this Court before Judge Swain involving issues similar to those at stake in this case. Judge Swain denied the applications, on the ground that pending motions to dismiss would resolve the subject claims. *Bryant v. Commissioner of Social Security et al*, No. 14-cv-05764 (Dkt. No. 115). Similarly, once Plaintiff's state actions are finally resolved, any claims she has in this action will be the subject of Defendants' motion to dismiss. The grounds for denying the Order to Show Cause are even greater here, where Plaintiff has provided no explanation for why the remedy of a Preliminary Injunction is appropriate in a case that has been pending for nearly a decade, and where the sole support for the Order are e-mails that are several years old involving identifiable sums of money.