USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANNE BRYANT,   :

               Plaintiff,   :   07 Civ. 6395 (PAC)(HBP)

   -against-   :   OPINION
                             AND ORDER

AB DROIT AUDIOVISUELS,   :
et al.,

               Defendants.   :

----------------------------------X

       PITMAN, United States Magistrate Judge:

## I. Introduction

       Plaintiff has moved pursuant to 28 U.S.C. § 1927 for sanctions against Gloria C. Phares, Esq., counsel for Sunbow Productions, Inc. and several other defendants in this action[1] ("the Sunbow Defendants") (see Motion for Sanctions, dated Jan. 11, 2016 (Docket Item ("D.I.") 115) ("Pl. Sanctions Motion"); see also Motion for Sanctions, dated Jan. 11, 2016 (D.I. 122)[2]). Plaintiff argues that Phares should be sanctioned because she has

---

[1]These are Sunbow Productions Inc., Loonland UK Ltd., Metrodome Group P.L.C., Rhino Entertainment Co., Rhino Home Video Core, Sony/ATV Songs L.L.C. (BMI), Sony/ATV Tunes L.L.C. (ASCAP), Sony BMG Music Entertainment Inc., TV Loonland Home Entertainment Ltd. and Warner Music Group.

[2]Through apparent oversight, plaintiff's motion for sanctions was filed twice, as Docket Items 115 and 122.

submitted an allegedly fraudulent contract in support of a motion to dismiss the complaint that the Sunbow Defendants filed in 2008 (Pl. Sanctions Motion at 2, citing Declaration of Gloria C. Phares in Supp. of Sunbow Defendants' Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), dated Jan. 4, 2008 (D.I. 32), Ex. 18). By her motion, plaintiff seeks denial of the Sunbow Defendants' motion to dismiss, an Order precluding Phares from relying on the allegedly fraudulent agreement in subsequent filings and an award of attorney's fees incurred in responding to the dismissal motion (Pl. Sanctions Motion at 10-11).

To the extent plaintiff is seeking relief other than attorney's fees, her sanctions motion is now moot. The 2008 motion to dismiss was denied on March 30, 2009 and is no longer pending (Order, dated Mar. 30, 2009 (D.I. 67)). Earlier this year, the Honorable Paul A. Crotty, United States District Judge, "so ordered" plaintiff's requests to dismiss voluntarily each of the Sunbow Defendants from this action without prejudice (see Orders, dated March 21, 2017, March 22, 2017 and May 12, 2017 (D.I. 152, 155, 183)). In light of Judge Crotty's recent Orders, the second form of relief sought in plaintiff's motion -- an Order precluding the Sunbow Defendants from relying on the

allegedly fraudulent agreement -- is also moot because no claims against the Sunbow Defendants remain.³

The third form of relief sought by plaintiff -- attorney's fees -- stands on a different footing. Because they are collateral to the merits of a case, a motion for sanctions survives the dismissal of an action. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); accord DiPaolo v. Moran, 277 F. Supp. 2d 528, 532 (E.D. Pa. 2003). Thus, plaintiff's sanctions motions require resolution notwithstanding the dismissal of the claims against the Sunbow Defendants.⁴

---

³The single Sunbow Defendant who was still in the case in May of this year filed a second motion to dismiss on May 8, 2017 (Notice of Supplemental Motion to Dismiss un Fed.R.Civ.P. 12(b)(6), dated May 8, 2017 (D.I. 169)). Judge Crotty denied this motion as moot on May 12, 2017 (see Text Only Order, dated May 12, 2017 (D.I. 184)). In any event, the 2017 motion to dismiss did not rely on the allegedly fraudulent document that is the basis of plaintiff's sanctions motion.

⁴Although there is a substantial body of authority that a pro se litigant cannot recover attorney's fees, Kay v. Ehrler, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement . . . on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees." (emphasis in original)); Pietrangelo v. United States Army, 568 F.3d 341, 344 (2d Cir. 2009) ("Although Kay was decided pursuant to Section 1988, its reasoning is not confined to that statute."); Massengale v. Ray, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (pro se attorney cannot recover fees as a sanction under Rule 11 because he has incurred no fees), plaintiff was represented by counsel at the time Sunbow Defendants made the dismissal motion in issue, and counsel filed papers on behalf of plaintiff in opposition to the Sunbow Defendants' motion. Thus, the general rule that a pro se litigant cannot recover attorney's fees is not applicable to the
(continued...)

II. Facts

Plaintiff is a composer who has written music for defendants (Complaint, dated July 13, 2007 (D.I. 1) ("Complaint") ¶ 1). In 2002, plaintiff filed a case against Sunbow Productions, Inc. ("Sunbow") in the Supreme Court of the State of New York, Rockland County, seeking damages for unpaid royalties for musical compositions ("State Court Action") (see Declaration of Christopher M. Strong, Esq., dated Jan. 28, 2016 ("Strong Decl.") (D.I. 117), Ex. B (Bryant v. Broadcast Music, Inc., Index Nos. 5192/00, 2821/02, Decision After Trial (Sup. Ct. Rockland Cty. July 2, 2014) (Garvey, J.) ("State Court Post-Trial Decision")) at 3). In the State Court Action, plaintiff initially alleged claims for unjust enrichment and constructive trust based on alleged oral agreements with Sunbow (State Court Post-Trial Decision at 3). However, in 2004, Sunbow, represented by Phares in the State Court Action, discovered a copy of the "Jem Agreement," an apparent contract under which Sunbow hired plaintiff to compose songs for television shows produced by Sunbow (State Court Post-Trial Decision at 3-4).[5] When Sunbow first produced

---

[4](...continued)
extent plaintiff actually incurred fees in opposing the Sunbow Defendants' motion.

[5]Plaintiff asserts that she did not sign the Jem Agreement
(continued...)

4

the Jem Agreement in the State Court Action, plaintiff denied that she had signed it, and the justice presiding over the case held a hearing on that issue (State Court Post-Trial Decision at 3-4). The justice in the State Court Action later concluded that plaintiff had, in fact, signed the Jem Agreement (State Court Post-Trial Decision at 3-4). Plaintiff and Sunbow thereafter agreed that their relationship was governed by the Jem Agreement. In fact, plaintiff affirmatively asserted that the Jem Agreement was valid, claiming that Sunbow was liable to plaintiff because it had breached the Jem Agreement (State Court Post-Trial Decision at 4). The State Court Action ultimately resulted in a finding that plaintiff has not proven that Sunbow breached the Jem Agreement that was affirmed by the Appellate Division. Bryant v. Broadcast Music, Inc., 143 A.D.3d 934, 935, 39 N.Y.S.3d 520, 521 (2d Dep't 2016). The Court of Appeals of New York recently denied plaintiff's motion for leave to appeal the appellate court's decision. See Bryant v. Broadcast Music, Inc., 2017-293, 2017 N.Y. Slip Op. 73077 (Table), 2017 WL 1842774 (May 9, 2017).

---

[5](...continued)
in her individual capacity but as a partner in a company called "Kinder & Bryant, Ltd." (Pl. Sanctions Motion at 5; Reply to the Opposition by Def. Sunbow Productions Inc. and Gloria C. Phares to Plaintiff's Motion for Sanctions, dated Feb. 8, 2016 (D.I. 119) ("Pl. Reply Mem.") at 2-3).

Plaintiff commenced this action on July 13, 2007, alleging that she was a "signatory" to the Jem Agreement, and that Sunbow breached the agreement by failing to pay her royalties for musical compositions; plaintiff expressly relied on the Jem Agreement and incorporated it by reference in her complaint (Complaint, ¶¶ 12, 79-87). Thus, from the outset of the case, plaintiff affirmatively relied on the Jem Agreement and made it part of the case. Notwithstanding plaintiff's reliance on the Jem Agreement, she now asserts that in August 2012 an unidentified employee of the Internal Revenue Service ("IRS") informed her that "'Kinder & Bryant, Ltd.' was never formed" and that "'Kinder & Bryant, Ltd' never existed" (Pl. Sanctions Motion at 5).[6] Plaintiff argues that because she signed the Jem Agreement as a member of a company that did not exist -- "Kinder & Bryant, Ltd." -- the Jem Agreement is fraudulent and unenforceable (Pl. Sanctions Motion at 5 ("the JEM Agreement is a nullity, because the non-entity, 'Kinder & Bryant Ltd,' did not have the capacity to act for Plaintiff Anne Bryant"); Pl. Reply Mem. at 2 (same)).

---

[6]On September 28, 2012, plaintiff wrote a letter to the justice presiding over the State Court Action, copying Sunbow and the other defendants, stating that she had learned from an IRS employee that "Kinder & Bryant, Ltd. was never a corporation." Plaintiff also stated that "I believe that Sunbow's attorneys are entitled to be advised of this information that I have learned." (Strong Decl., Ex. A (Letter from Anne Bryant to Hon. Margaret Garvey, J.S.C., dated Sept. 28, 2012)).

6

Plaintiff argues that Phares knew or should have known that Kinder and Bryant, Ltd. did not exist and that the Jem Agreement was unenforceable when Sunbow first produced the Jem Agreement in the State Court Action in 2004 (Pl. Sanctions Motion at 5-6; Pl. Reply Mem. at 4). Plaintiff asserts that Phares engaged in sanctionable conduct by relying on the Jem Agreement in the State Court Action and in support of the Sunbow Defendants' 2008 motions to dismiss in this action (Pl. Sanctions Motion at 5-6, 10-11; Pl. Reply Mem. at 4-5, 6-7). Plaintiff also alleges that Phares has cited to the Jem Agreement in order "to distract the Courts from serious issues that have been buried in the substratum" of this action and other litigations plaintiff has filed in federal and state court (Pl. Sanctions Motion at 6).[7]

In their 2008 motion to dismiss plaintiff's Complaint, the Sunbow Defendants asserted that plaintiff's claims and the factual allegations underlying those claims are identical to those raised in the State Court Action and that plaintiff is precluded from proceeding with her claims in this case due to res judicata and collateral estoppel (see Mem. of Law in Supp. of

---

[7]Plaintiff does not identify the issues that she believes have been "buried in the substratum" of the litigations she has pursued against Sunbow and others.

Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), dated Jan. 4, 2008 ("Sunbow Defs. Mot. to Dismiss") (D.I. 33) at 1-2). The Sunbow Defendants also argued that Sunbow's obligation to pay royalties to plaintiff was governed exclusively by the Jem Agreement (Sunbow Defs. Mot. to Dismiss at 1-2, 19). Plaintiff responded by arguing that the decision in the State Court Action did not preclude her claims in this action and that she was owed payments under the Jem Agreement; plaintiff never claimed in her opposition there was any defect in the Jem Agreement itself (Affidavit of Anne Bryant in Response to the January 9, 2009 Letter by Gloria Phares, Esq., Counsel for the Sunbow Defendants, sworn to Jan. 23, 2009 (D.I. 65) at 4). Thus, plaintiff's own response to the motion to dismiss acknowledged the validity of the Jem Agreement. On March 30, 2009, the Honorable Sidney H. Stein, United States District Judge, to whom this matter was previously assigned, issued an Order denying the motions to dismiss without prejudice and staying this matter pending the resolution of the State Court Action (Order, dated Mar. 30, 2009 (D.I. 67).

Phares and Sunbow argue that plaintiff's motion for sanctions should be denied because the Jem Agreement is a valid enforceable contract, and that, even if the legal status of Kinder & Bryant, Ltd. were relevant to the viability of the agreement, there is no evidence that Phares was aware of Kinder &

8

Bryant, Ltd.'s allegedly defective legal status prior to plaintiff's raising the issue in the State Court Action in 2012 (Mem. of Law of Def. Sunbow Productions Inc. and Gloria C. Phares Opposing Anne Bryant's Motion for Sanctions, dated Jan. 29, 2016 (D.I. 117) at 1; see also Hasbro Defs. Mem. in Opposition to Plaintiff's Motion for Sanctions, dated Feb. 4, 2016 (D.I. 118)).

III. Analysis

    A. Law Governing Motion for Sanctions under 28 U.S.C. Section 1927

        28 U.S.C. Section 1927 provides that

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court of Appeals has held that the imposition of sanctions under Section 1927 is appropriate only "when there is a finding of conduct constituting or akin to bad faith." Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997); accord Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016); Konits v Karahalis, 409 F. App'x 418, 423-24 (2d Cir. 2011) (summary order); State St. Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 180 (2d Cir. 2004); In re 60 E. 80th St.

Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000); Keller v. Mobil Corp., 55 F.3d 94, 99 (2d Cir. 1995); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991).

Before imposing sanctions under 28 U.S.C. Section 1927 and reaching the conclusion that an attorney acted in bad faith, a court "must find clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000), quoting Agee v. Paramount Commc'ns Inc., 114 F.3d 395, 398 (2d Cir. 1997)(internal quotation marks omitted)); see also Sorenson v. Wolfson, No. 16-1224, 2017 WL 1043073 at *3 (2d Cir. Mar. 16, 2017) (summary order) ("An award of sanctions under this provision requires a showing that an 'attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.'" (citation omitted)); Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986) ("[W]e hold today that an award made under § 1927 must be supported by a finding of bad faith similar to that necessary to invoke the court's inherent power.").

B. Application of the
   Law to the Facts

Reduced to its essentials, plaintiff's sanctions motion asserts that Phares should be sanctioned for citing a contract on which plaintiff herself relied in a both a state and federal action and for not knowing more about the status of plaintiff's corporation than plaintiff herself knew. Merely stating the argument demonstrates its fatal flaws. Indeed, given the total lack of legal and factual support for plaintiff's motion, if it were made by an attorney,[8] plaintiff's sanctions motion may itself be sanctionable.

With respect to the objective prong of Section 1927, plaintiff has entirely failed to explain how a purported defect in the formation of Kinder & Bryant Ltd. renders the Jem Agreement voidable or fraudulent. Even if I assume, based on the hearsay statement of an unidentified IRS agent, that there is some defect in the formation of Kinder & Bryant Ltd., it does not necessarily follow that the contract is fraudulent or void. "It is well established in New York that a company lacking formal corporate status but nonetheless operating as a corporation may be considered a de facto corporation and those who treat the

---

[8] Only attorneys may be sanctioned under Section 1927. Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992).

11

entity as a corporation in regular business dealings may not later deny its corporate status." L-Tec Electronics Corp. v. Cougar Electronic Org., Inc., 198 F.3d 85, 87 (2d Cir. 1999); see also In re Martin-Trigona, 760 F.2d 1334, 1340 (2d Cir. 1985). In any event, plaintiff has not even come close to demonstrating that the Sunbow Defendants' reliance on the Jem Agreement was "entirely meritless."

Second, plaintiff has failed to offer a scrap of evidence to satisfy the subjective element of a Section 1927 motion. There is simply no evidence showing that Phares had any reason to know or even to suspect there was any deficiency in the Jem Agreement at the time she filed the motions to dismiss in 2008 or at any time thereafter. In effect, plaintiff is trying to base liability under Section 1927 on Phares' failure to identify alleged deficiencies in a document that plaintiff injected into the case. It turns the adversary system on its head to suggest that a party, or a lawyer for a party, has breached a duty to an adverse party for failing to identify alleged deficiencies in the adverse party's evidence.[9]

---

[9]An argument could be made that plaintiff has been playing fast and loose with the Court and the parties for failing to withdraw her claims based on the Jem Agreement after she first learned it was purportedly fraudulent.

In response to the argument that plaintiff has failed to offer any evidence of bad faith, plaintiff simply attempts to eliminate the requirement that bad faith must be shown before sanctions can be imposed under Section 1927. Specifically, plaintiff states: "Plaintiff is not required to produce one '<u>scintilla of evidence</u>' about Attorney Phares' knowledge. The standard, as represented above, is that she is <u>required to know</u>." (Pl. Reply Mem. at 5 (emphasis in original)). Plaintiff's argument is contrary to the law of this Circuit. "We have declined to uphold awards under the bad faith exception absent both <u>clear</u> <u>evidence</u> that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." <u>Dow Chem Pac. Ltd. v. Rascatore Maritime S.A.</u>, 782 F.2d 329, 344 (2d Cir. 1986) (emphasis added); <u>accord</u> <u>Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory</u>, 682 F.3d 170, 179 (2d Cir. 2012). Although plaintiff cites a number of ethical precepts and authorities that prohibit a lawyer from knowingly misleading the court or an adversary, none of these authorities suggest that an attorney may be sanctioned for an innocent misrepresentation or for failing to identify alleged deficiencies in evidence offered by an adversary.

Because plaintiff has offered no evidence that Phares has made an argument or offered evidence that was entirely meritless or that Phares acted in bad faith, plaintiff's motion for sanctions is denied.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion for sanctions against Gloria C. Phares, Esq. pursuant to 28 U.S.C. § 1927 is denied in all respects. The Clerk of the Court is requested to mark Docket Items 115 and 122 closed.

Dated: New York, New York
June 2, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, Florida 34239

Copies transmitted to:

All Counsel

14