USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/11/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANNE BRYANT,                          :

              Plaintiff,       :     07 Civ. 6395 (PAC)(HBP)

  -against-                          :     OPINION
                                               AND ORDER
AB DROIT AUDIOVISUELS,                :
et al.,
                                :

             Defendants.
                                :
----------------------------------X

        PITMAN, United States Magistrate Judge:

        By letter dated June 22, 2017 (Docket Item ("D.I.") 194), plaintiff seeks reconsideration of my Opinion and Order dated June 2, 2017 (D.I. 188) which denied plaintiff's motion for sanctions against Gloria C. Phares, Esq. For the reasons set forth below, plaintiff's motion for reconsideration is denied.

        Motions for reconsideration are appropriate only under limited circumstances. As explained by the late Honorable Peter K. Leisure, United States District Judge, in Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use

> such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citations omitted).

See also Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.). "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. Aug. 1, 2008) (Swain, D.J.), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).

A party is entitled to reargument under Local Rule 6.3 where she "can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation omitted), abrogated on other grounds, In re Zarnel, 619 F.3d 156, 167 (2d Cir. 2010); accord Allied Mar., Inc. v. Rice Corp., 361 F. Supp. 2d 148, 149 & n.1 (S.D.N.Y. 2004) (Scheindlin, D.J.).

Thus, a motion for reconsideration generally may not advance "new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (Marrero, D.J.), quoting Davidson v. Scully, supra, 172 F. Supp. 2d at 461. "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." In re City of New York, as Owner & Operator of M/V Andrew J. Barberi, CV-03-6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enters. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); accord Cohn v. Metro. Life Ins., Co., 07 Civ. 0928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

In addition to the foregoing substantive limitations, a motion for reconsideration is subject to the procedural limitation that it must be made within fourteen days of the issuance of the order or decision in issue. Local Civil Rul 6.3.

Plaintiff's motion suffers from a number of defects. First, it is untimely. The Opinion and Order in issue was issued on June 2, 2017. Plaintiff's motion for reconsideration was signed on June 22, 2017, delivered to Federal Express that day and delivered to the Court on June 26. Plaintiff's failure to

file the motion in a timely manner is sufficient by itself to result in the motion's denial.[1]

The motion is also substantively defective. Plaintiff does not identify any controlling facts or legal precedents that were called to my attention in connection with the original motion that I overlooked. Rather plaintiff seeks to offer new facts, new arguments and even attaches several new exhibits to her motion. As the authorities cited above teach, such practice is clearly prohibited in connection with a motion for reconsideration.

Although I understand that plaintiff disagrees with my June 2 Opinion and Order, a party's disagreement with a Court's decision is simply not a basis for reconsideration.

---

[1] The first page of plaintiff's motion and the handwritten Federal Express that is ordinarily completed by the sender are both dated June 17, 2017. However, the last page of plainitiff's motion and the mailing label prepared by Federal Express are both dated June 22, 2017. I conclude that June 22 is the date that plaintiff's letter was delivered by her to Federal Express.

4

Accordingly, for all the foregoing reasons, plaintiff's motion for reconsideration of my June 2, 2017 Opinion and Order is denied in all respects.

Dated: New York, New York
July 11, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, Florida 34239

Copies transmitted to:

All Counsel